UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

CHRISTOPHER BOBERSKY,
individually and on behalf of
others similarly situated,

    Plaintiff,

v.

INDUSTRIAL ENERGY SERVICES, INC.,
a Florida corporation, and DAVID FETTER,
individually,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, CHRISTOPHER BOBERSKY, by and through the undersigned counsel, on behalf of himself and others similarly situated, sues Defendants, INDUSTRIAL ENERGY SERVICES, INC., a Florida corporation and DAVID FETTER, individually, and hereby alleges the following cause of action:

1. Plaintiff, CHRISTOPHER BOBERSKY, brings this action on behalf of himself and other current and former similarly situated employees of Defendants, INDUSTRIAL ENERGY SERVICES, INC., a Florida corporation, and DAVID FETTER, for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act").

2. At all times material hereto, Plaintiff was employed by Defendants as a non-exempt Lighting Technician in Cantonment, Escambia County, Florida.

3. Defendant, INDUSTRIAL ENERGY SERVICES, INC. is a Florida corporation with a principal place of business in Manahawkin, New Jersey.

4. Defendant, DAVID FETTER, owns, manages, and/or operates INDUSTRIAL ENERGY SERVICES, INC., and regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of INDUSTRIAL ENERGY SERVICES, INC., By virtue of such control and authority, DAVID FETTER is an employer as such term is defined by the FLSA. 29 U.S.C. 201 et seq.

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant, INDUSTRIAL ENERGY SERVICES, INC., was an enterprise engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, with revenue in excess of $500,000.00.

6. During Plaintiff's employment, he was employed as a non-exempt Lighting Technician performing such duties as repairing, replacing and troubleshooting lighting for Defendants' clients.

7. Plaintiff was compensated on a piece rate basis. However, although he worked over forty (40) hours in one or more work weeks during his employment, he was not paid overtime for each of the overtime hours he worked in those weeks.

8. Other similarly situated employees were likewise not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks in violation of 29 U.S.C. § 201-209.

9. The additional persons who may become Plaintiffs in this action are current employees and former employees of Defendants at any and all locations from which the corporate

Defendant is doing business, and who worked overtime hours as lighting technicians, however titled, and who did not receive time-and-a-half wages for their overtime hours worked on or after June, 2007.

10. The records, if any, concerning the number of hours actually worked by Plaintiff and other similarly situated employees, and the compensation actually paid to them are in the possession and custody of Defendants.

11. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

12. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 11 above.

13. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

14. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and all the other employees similarly situated have suffered damages plus incurred costs and reasonable attorney's fees.

15. As a result of Defendants' willful violation of the Act, Plaintiff and the other employees similarly situated are entitled to liquidated damages.

16. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, CHRISTOPHER BOBERSKY, and the other employees similarly

situated, demand judgment against Defendants, INDUSTRIAL ENERGY SERVICES, INC., and DAVID FETTER, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay for the hours they worked for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: June ___, 2010  
Boca Raton, Florida

Respectfully submitted,

_____  
Gregg I. Shavitz (Fla Bar No. 11398)  
E-mail: gshavitz@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: 561-447-8888  
Facsimile: 561-447-8831

## NOTICE OF CONSENT TO JOIN

The undersigned, Christopher Bobersky, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

_Christopher Bobersky_
CLIENT SIGNATURE